IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SCOTTIE M. MEYER,<br><br>                   Petitioner,<br><br>vs.<br><br>SCOTT R. FRAKES, Director; and CRAIG GABLE, Warden;<br><br>                   Respondents. | 4:22CV3111<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Petitioner's Motion for Evidentiary Hearing, Filing No. 8; Motion for Appointment of Counsel, Filing No. 9; and Motion for Expansion of Record, Filing No. 10.

## I. MOTION FOR EVIDENTIARY HEARING

Petitioner moves the Court for an evidentiary hearing pursuant to Rule 8 of the *Rules Governing Section 2254 Cases in the United States District Courts* (hereinafter "Rules") "to retrieve materials from a previous case CR16-871 from Sarpy County District Court of Nebraska, in which the Court had the records sealed." Filing No. 8 at 1. Rule 8(a) of the Rules provides, in relevant part, that in determining whether an evidentiary hearing is warranted, "the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7." In the Court's progression order entered December 5, 2022, Respondents were directed to file all state court records necessary to support a motion for summary judgment, or, if Respondents elected to file an answer, all state court records relevant to the cognizable claims. Filing No. 7 at 4–5. No state court records have yet been filed, and Respondents have until January 19, 2023 to do so, plus another thirty days thereafter to

file an answer. Thus, this Court cannot yet determine whether an evidentiary hearing is warranted under the Rules. Accordingly, Petitioner's motion for evidentiary hearing will be denied without prejudice to reassertion as premature.

## II.  MOTION FOR APPOINTMENT OF COUNSEL

Petitioner asks the Court to appoint him counsel in this matter "so that counsel may access the sealed State Court records and exculpatory evidence contained within the case file to substantiate his claims of ineffective assistance of counsel and due process violations, both requiring an evidentiary hearing." Filing No. 9 at 1.

The Court previously denied Petitioner's request for the appointment of counsel included in his petition.  *See* Filing No. 7 at 3.  As the Court explained, "there is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997).  As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required.  *See, e.g.*, *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir. 2021); *Morris v. Dormire*, 217 F.3d 556, 558–59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).  *See also* Rule 8(c) of the Rules (requiring appointment of counsel if an evidentiary hearing is warranted).

The circumstances have not changed since the Court's previous denial of Petitioner's request for the appointment of counsel.  Moreover, as discussed above, the Court cannot yet determine whether an evidentiary hearing is warranted.  Accordingly,

Petitioner's motion for appointment of counsel will be denied without prejudice to reassertion.

### III. MOTION FOR EXPANSION OF RECORD

Petitioner seeks expansion of the record "to include all materials from a previous case CR16-871 from Sarpy County District Court of Nebraska, in which the Court sealed the pertinent records which can only be accessed by counsel." Filing No. 10 at 1.

As set forth in the Court's progression order, Filing No. 7, Respondents are required to file any necessary state court records in support of a motion for summary judgment or, if Respondent elects to file an answer, all state court records relevant to Petitioner's claims. The progression order also provides a procedure through which Petitioner may seek additional records if he deems the designation of state court records insufficient or needs additional records from the designation. Specifically, the progression order states:

> In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

Filing No. 7 at pp. 4, 6.

Here, Respondents have not yet filed a motion for summary judgment with supporting state court records or state court records in support of an answer. Thus, Petitioner's motion is premature and will be denied at this time without prejudice to reassertion. If Petitioner determines that he needs additional records after Respondents file the designation of state court records, answer, and brief, Petitioner

3

may renew his request for additional documents pursuant to the procedure in the progression order outlined above.

IT IS THEREFORE ORDERED that:

1. Petitioner's Motion for Evidentiary Hearing, Filing No. 8, and Motion for Expansion of Record, Filing No. 10, are denied without prejudice to reassertion as premature.

2. Petitioner's Motion for Appointment of Counsel, Filing No. 9, is denied without prejudice to reassertion.

Dated this 29th day of December, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

4